**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**GALVESTON DIVISION**

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF CALLAN MARINE, § <br> LTD. AS OWNER OF THE § <br> DREDGE GENERAL PATTON, ITS § <br> ENGINES, GEAR, TACKLE, ETC. § <br> IN A CAUSE FOR EXONERATION § <br> FROM OR LIMITATION OF § <br> LIABILITY § | C.A. No. 3:22-cv-00044 <br><br> In Admiralty Pursuant to Rule 9(h) |

**LETTER OF UNDERTAKING**

June 30, 2022

Clerk of Court
United States District Court
Southern District of Texas, Galveston Division
601 Rosenberg Street, Room 411
Galveston, Texas 77550

> *RE:* **IN THE MATTER OF ZACH LEWIS AND ASHLEY WHALEY AND CALLAN MARINE, AS OWNER RESPECTIVELY OF THE DREDGE GENERAL PATTON, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY (Pending in the United States District Court, Southern District of Texas, Galveston Division)**

It is alleged that on or about July 10, 2021, while Callan Marine, Ltd. was towing an unlit dredge pipe in Galveston Bay, Zach Lewis and Ashley Whaley were operating a fishing vessel and struck the pipe being towed by the DREDGE GENERAL PATTON, causing their vessel to capsize and throw both out of the boat on or about January 7, 2021. As a result, parties have filed or may cause to be filed actions under the laws of the United States, the General Maritime Law and/or laws of the State of Texas for damages resulting for the aforementioned incident.

In order to file an action for Exoneration From or Limitation of Liability, as required by 46 U.S.C. § 30501 *et seq.,* petitioners in limitation and Ascot Insurance Company ("Ascot") hereby agree to the following:

1. For purposes of security for the above referenced lawsuit, Ascot is executing this Letter of Undertaking.

2. In the event of a final and definitive judgment (after all appeals or the expiration of time to file any such appeals) against DREDGE GENER█████████████████ator and owner of said vessel, in the above captioned suit, the undersigned insurance company, on behalf of the operator and owner of said vessel, in the specific portions as designated below, agree to pay and satisfy up to and not exceeding the combined amount of FIVE MILLION TWO HUNDRED AND NINETY FIVE AND 00/100 ($5,295,000.00) UNITED STATES DOLLARS of the said final and definitive judgment, and security for costs in the amount of $1,000 with interest at the rate of six percent (6%) per annum from the date this letter is fully executed and for costs, as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, or any lesser amount adjudged or to be settled between the parties without final decree (where said settlement has been made with the approval of the undersigned insurance company, which approval is not to be unreasonably withheld), to satisfy all statutory and rule requirements in said action described above and subject to the terms, conditions, and limits of their primary and excess insurance policies issued to the operator and owner of the vessel, in the following, respective shares:

    > Ascot, as excess insurer, to pay no more than its subscribing interest of the total amount of $4,295,000.00, less the unexhausted balance of the primary insurance limit and applicable self-insured retention / deductible,

    with interest at the rate of six percent (6%) per annum from the date this letter is fully executed, and for costs, subject to the terms, conditions, and limits of their primary and excess insurance policies.

3. Petitioners in limitation and Ascot, hereby undertake jointly, severally and *in solido,* the sum of FIVE MILLION TWO HUNDRED AND NINETY FIVE AND 00/100 ($5,295,000.00) UNITED STATES DOLLARS with interest thereon at the rate of six percent (6%) per annum from the date hereof, that petitioners in limitation and Ascot will abide by the further orders of the Court and pay into the Court Registry whenever the Court shall order, a sum equal to the amount or value of petitioners in limitation's interest in said vessel and pending freights, or in the event of appraisal, and if the Court should find this security is insufficient therefor, then additional like security with interest thereon at the rate of six percent (6%), per annum from the date hereof; and that pending payment of said amount, this undertaking shall stand as security for all claims filed in the said proceedings.

4. It is further understood and agreed that the execution of this Letter of Undertaking by the undersigned insurance company shall not be construed as binding upon the noninsurance entities signing this letter or attorneys representing the vessel and her operator and owner, but is instead to only be binding upon Ascot.

5. Nothing contained in Paragraph 2, however, is inter▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮van Industrial/Callan Marine, Ltd, and/or DREDGE GENERAL PATTON from filing a bond in form and by sufficient surety satisfactory to this Court in any amount up to FIVE MILLION TWO HUNDRED AND NINETY FIVE AND 00/100 ($5,295,000.00) UNITED STATES DOLLARS, together with interest at the rate of six percent (6%) per annum from the date this letter is fully executed, and for costs, as required by Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

6. In the event that the bond referred to in Paragraph 5 is filed, the undersigned Ascot shall have no further obligation under this Letter of Undertaking.

7. The giving of this Letter of Undertaking is not to be deemed or taken to be or accepted as an admission of liability on behalf of the vessel or operator and owner or those interested in or with them. This letter is written entirely without prejudice as to any rights and defenses, including the denial of liability for the damages claimed, that the vessel and/or her operator and owner and/or insurers may have under law, including but not limited to all rights that they may have to claim exoneration from and/or limitation of liability under 46 U.S.C. § 30505 *et seq*. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims

This undertaking is given without prejudice to all rights and defenses which may be available to Petitioners in limitation and/or any rights of limitation of liability according to applicable law.

The giving of this Letter of Undertaking is not to be deemed or to be taken or accepted as an admission of liability on behalf of the DREDGE GENERAL PATTON and/or her owner or those interested in her.

**(THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK)**

Sincerely,

**ASCOT INSURANCE COMPANY.,** on its own behalf and, subscribing company to Policy No. ███████

By: ___/s/ **John C. Yu**_____
       Its Authorized Representative

Print Name: _John C. Yu_____

Date: _6/30/2022_____

**(THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK)**